(Surrogate's Court, Saratoga County.  December, 1915.)

1. MARRIAGE ⬡⟿40—PROOF—PRESUMPTION—COHABITATION AND DECLARATIONS.

   While cohabitation together as man and wife, and declarations by the parties concerning their relations as husband and wife, do not constitute a marriage, they are evidential facts, from which a strong presumption of marriage arises, in the absence of proof to the contrary.

   [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 58–69, 79; Dec. Dig. ⬡⟿40.]

2. MARRIAGE ⬡⟿40—PRESUMPTION—COHABITATION AND DECLARATIONS.

   No presumption of marriage will arise from cohabitation, repute, and declarations of matrimonial living together, where it is shown that one of the parties was under a legal disability preventing his marriage to the other.

   [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 58–69, 79; Dec. Dig. ⬡⟿40.]

3. EXECUTORS AND ADMINISTRATORS ⬡⟿32—MARRIAGE ⬡⟿50—ADMISSIONS—SUFFICIENCY OF EVIDENCE.

   Where, on a petition to revoke letters of administration granted to one claiming to be decedent's widow, she admits that she was not married to decedent, such admission, being against her interest, must, in the absence of any denial thereof by her, be taken as establishing that they were never married, and authorizing revocation of the letters.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–212; Dec. Dig. ⬡⟿32; Marriage, Cent. Dig. §§ 79–89; Dec. Dig. ⬡⟿50.]

In the matter of the estate of Charles H. Morris, deceased. Petition by Mary Ross for revocation of letters of administration granted to one claiming as widow of deceased, and for grant of administration to petitioner.  Petition granted.

Oscar Warner, of Mechanicville, for petitioner.

Leary & Fullerton, of Saratoga Springs, for administratrix.

OSTRANDER, S.  Deceased died, a resident of Mechanicville, in the fall of 1912.  Adelia Morris, or Adelia Rose, claiming to be the widow of deceased, applied for, and was granted, letters of administration upon his estate.  Mary Ross, the petitioner, a sister of deceased, applies for a revocation of these letters, and a grant of administration to her, upon the ground that Adelia was never the wife of deceased.

Morris married one Etta Demick, who divorced him at Syracuse, N. Y., about 1893, and is still living.  There is no proof of any ceremonial marriage between Morris and Adelia.  There is no evidence of any permission by the court for his remarriage.  In the years 1905 and 1906, Morris and Adelia went from Albany, where they were living, into Vermont on a visit to some of Adelia's acquaintances.  Immediately upon their arrival in Vermont, they introduced each other as husband and wife.  They lived together for two years or more in Albany, and afterwards at Mechanicville for a matter of five years, introducing each other to various persons as husband and wife.

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

One Welch, an officer, living at Mechanicville, testified that he had known the parties for a considerable time, and that Adelia was called "Rose," that nobody ever called her "Morris," and that in the summer before Morris died he was in Morris' saloon when Adelia came into the barroom and told Morris that she was working for him like a slave, and getting nothing for it, and Morris replied she was getting pay for what she did for him. She also said on that occasion that she was running a regular disreputable house for him and called him many vile names.

When Morris died, he was taken to an undertaker's rooms, and Mary Ross, the petitioner, met Adelia at the rooms. Adelia then claimed to Mrs. Ross that she was Morris' widow. Mrs. Ross asked her how that could be, as Morris had been married before, and had been divorced, and his wife was still living. Adelia said that Morris had told her about his former marriage and divorce; but she said she loved him, and that she wanted to cover up the way they were living, and admitted that she was never married to him. There is no denial of this by Adelia.

[1] It is well settled that cohabitation together as man and wife, and declarations by the parties concerning their relations as husband and wife, etc., do not constitute a marriage; but they are evidential facts, from which, in the absence of proof to the contrary, a strong presumption of marriage arises, because they are circumstances which usually attend that relation. Mere living together and repute do not alone constitute a valid marriage. Matter of Hamilton, 76 Hun, 200, 27 N. Y. Supp. 813.

[2] The proofs in this case establish such cohabitation, repute, and declarations of matrimonial living together as would, in the absence of proof to the contrary, be sufficient circumstantial evidence of a marriage to raise a presumption of marriage, provided Morris was not under disability. But it is a well-settled rule that all presumptions of fact vanish at once in the light of proof to the contrary.

[3] In the present case the presumption of marriage which would ordinarily flow from the relations and declarations of Morris and Adelia is rebutted by the admission of Adelia that she was not married to Morris, which was somewhat strengthened by her statements in the presence of Officer Welch. Her positive statement that she was not married to him was an admission against her interest, and in the absence of any denial of this admission by her it must be taken as an established fact that they never married.

In this view of the case it becomes unnecessary to consider the question of Morris' disability by reason of the divorce against him. It follows that the prayer of the petition should be granted, and the letters issued to Adelia revoked.

Decreed accordingly.